UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAYMOND KNAPP, on his own
behalf and all similarly situated
individuals,

        Plaintiff,

v.                                              CASE NO. 3:10-cv-00220-J-32JBT

RIVERGLEN COMPANY, etc., et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Joint Motion for Approval of Settlement

Agreement and Incorporated Memorandum of Law ("the Joint Motion") (Doc. 28), as

supplemented by the Joint Notice in Further Support of Joint Motion to Approve

Settlement Agreement ("the Joint Notice") (Doc. 30).[2]  The Court has reviewed the

filings in this case and finds that there is no need for a hearing.  For the reasons stated

herein, the Court recommends that the Joint Motion be granted and the settlement be

---

    [1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

    [2] Pursuant to the Court's Order of Administrative Closure and Referral, the undersigned shall prepare a report and recommendation "as to whether the parties' proposed settlement is a 'fair and reasonable resolution of a bona fide dispute' over FLSA issues."  (Doc. 27 (citation omitted).)

approved.

## I.   Background

This case was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*[3] (Doc. 13.) Plaintiff, Raymond Knapp ("Knapp"), seeks to recover overtime compensation, liquidated damages, reasonable attorney's fees and costs, prejudgment interest, and declaratory relief. (*Id.*) Plaintiff alleged that Defendants employed him as "a non-exempt laborer employee." (*Id.*) Plaintiff alleged that he worked in excess of forty hours per work week, but was not compensated at the statutory rate of one and one-half times the regular rate for all overtime hours worked. (*Id.*) Defendants denied that Plaintiff was entitled to any of the damages or relief sought and asserted a number of affirmative defenses. (Doc. 24.)

On January 5, 2011, the parties executed a Settlement Agreement and Full and Final Mutual Release of All Claims, providing that Defendants would pay the total sum of $11,209.10, which represents $3,104.55 (less all lawful deductions) payable to Plaintiff as unpaid wages, $3,104.55 payable to Plaintiff as liquidated damages, and $5,000.00 payable to Plaintiff's attorney for attorney's fees and costs. (Doc. 28-1.)

On February 28, 2011, the parties filed the Joint Motion, in which "[t]he Parties agree that the lawsuit involves disputed issues, including whether Plaintiff was an

---

[3] Although Plaintiff filed this case "on his own behalf and all similarly situated individuals" (Doc. 13), the record reflects that Plaintiff has not established that the proposed class is similarly situated, *see* 20 U.S.C. § 216(b); *see also Simpkins v. Pulte Home Corp.*, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008), and no other allegedly similarly situated individual has joined in this case as a party.

independent contractor and/or should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA." (Doc. 28.) The Joint Motion states that "[t]he Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues." (*Id.*) It also provides that "[c]onsistent with the Court's ruling in *Bonetti v. Embarq. Mgmt. Co.*, . . . the parties negotiated and settled Plaintiff's recovery and attorneys' fees independently and in seriatim consistent with *Bonetti*. Furthermore, the parties agree this is a reasonable fee under the circumstances of this case." (*Id.* (citation omitted).)

The Court needed additional information, however, to assess the reasonableness of the settlement. Accordingly, the Court ordered the parties to provide the necessary information in the form of a joint notice. (Doc. 29.) First, the Court needed to know the amount Plaintiff initially sought in this case as unpaid wages. (*Id.*) If the amount settled upon for unpaid wages represented a significant discount from the amount Plaintiff initially sought, the Court also needed an explanation of why the compromise was reasonable. (*Id.*) Finally, the Court thought it necessary and appropriate to review Plaintiff's attorney's time and cost records. (*Id.*)

On April 1, 2011, the parties complied by filing the Joint Notice. (Doc. 30.) It provides in relevant part:

> Plaintiff initially claimed entitlement to $14,903.11 (unliquidated), based on the Plaintiff's contention that he regularly worked 8 hours of overtime per week and was not paid proper compensation for the overtime hours worked. However, these damages were calculated at a time and a half rate and without the benefit of time and pay records, which have now

been produced, to the extent they exist.

. . . .

5.      The parties are in agreement on the fact that Plaintiff was paid for all hours of work, but not paid time and one half for his overtime hours worked.  Further, the overtime hours worked by Plaintiff were less than the 8 hours per week originally claimed.  Thus, if Plaintiff were to prevail, he would be entitled to recover only the additional half-time that he claims to be entitled to under the FLSA, for hours of overtime worked.

(*Id.*)  The parties also filed Plaintiff's attorney's time and cost records as attachments to the Joint Notice.

## II.      Standard

Section 216(b) of the FLSA provides in part:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights.  *Id.* at 1352.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA

4

coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

Recently, in *Bonetti v. Embarq Management Company*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-CV-01204-J-32MCR (M.D. Fla. Jan. 23, 2010).

5

### III.    Analysis

In this case, the parties represent and agree that there is a bona fide dispute as to whether Plaintiff was fully compensated for his overtime hours worked.  (Docs. 28 & 30.)   The parties agree that the settlement reached represents a reasonable compromise of the disputed issues.  (Doc. 28.)  With respect to Plaintiff's unpaid wages and liquidated damages, a compromise was reached because there was a question whether Plaintiff was exempt from the FLSA.  (Doc. 30.)  Moreover, the amount Plaintiff initially sought as unpaid wages—$14,903.11—appears to have been based on at least the following mistaken premises: (1) that he had not been paid at all for the overtime hours he worked, and (2) that he worked 8 overtime hours per week.  (*Id.*)  In the Joint Notice, the parties state that, in fact, Plaintiff had been paid at his regular rate of pay for all overtime hours worked and that he actually worked less than 8 overtime hours per week.  (*Id.*)   The parties further state that Plaintiff's initial demand was made "without the benefit of time and pay records."  (*Id.*)  Therefore, the parties agree and suggest that the compromise reached—$3,104.55 for unpaid wages and $3,104.55 for liquidated damages (Doc. 28-1)—is reasonable.  Finally, the parties reiterate that fees and costs were negotiated separately from Plaintiff's recovery.  (Doc. 30.)

The Court has reviewed the proposed settlement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. *Lynn's Food*, 679 F.2d at 1355.  Based on the explanations provided in the Joint Notice, it appears the amount Plaintiff initially sought was not well-supported.  Further, there

are bona fide disputes regarding whether Plaintiff was exempt from the FLSA, and over the amount of overtime worked.  In addition, Plaintiff is represented by an attorney.  In light of these circumstances, the Court finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching."  *Lynn's Food Stores*, 679 F.2d at 1354.  This finding is, however, subject to revision based on the Court's analysis of the attorney fee issues.

Regarding fees and costs, the ultimate issues pursuant to *Silva*, are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers."  307 F. App'x at 351.  Moreover, because the parties complied with *Bonetti*, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorney's fees and costs to be paid to his counsel.

The Court has already concluded that the settlement appears reasonable.  In addition, the Court does not believe the compromise over Plaintiff's recovery was adversely affected by the attorney's fee agreed upon.  First, the Court has inspected the time records submitted as attachments to the Joint Notice, and concludes that the number of hours spent by Plaintiff's attorney (21.7) and by the paralegals (13.8) are reasonable.  (*See* Docs. 30-1, 30-2, & 30-3.)  Second, this Court has on prior occasions awarded Plaintiff's attorney $250.00 per hour, and his paralegals $95.00 per hour, for

FLSA work.  *See* Order, *Delahunty v. Aerotek, Inc.*, 3:09-cv-1247-J-25JBT (M.D. Fla. Feb. 24, 2011); *Cohen v. Goodyear Tire & Rubber Co.*, 2009 WL 3790292, at *1 (M.D. Fla. Nov. 9, 2009); *see also Natera v. Mastercorp of Tenn., Inc.*, 2009 WL 2765878, at *5 (M.D. Fla. June 23, 2009) (concluding that "the going rate for FLSA work in this district is between $150 and $250 an hour").  Therefore, $5,425.00 ($250.00 x 21.7 hrs) would be a reasonable amount for attorney's fees in this case, and $1,311.00 ($95.00 x 13.8 hrs) would be a reasonable amount for paralegals' fees.  As Plaintiff's counsel has agreed to accept the lump sum of $5,000.00 for attorney's fees, paralegals' fees, and costs (*see* Doc. 28-1), the Court finds no reason to believe that any conflict of interest taints the amount to be recovered by Plaintiff.[4]

Therefore, it is respectfully **RECOMMENDED** that:

1.	The Joint Motion (**Doc. 28**) be **GRANTED**.

2.	The Settlement Agreement and Release (**Doc. 28-1**) be **APPROVED**.

3.	The case be **DISMISSED WITH PREJUDICE**.

4.	The Clerk of Court be **DIRECTED** to close the case.

---

[4] Nevertheless, it also appears that Plaintiff's counsel is being adequately compensated.

8

**DONE AND ENTERED** at Jacksonville, Florida, on April 20, 2011.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record